33 F.3d 59
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles Christopher LONGSWORTH, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 Nos. 93-70020.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 15, 1994.
Decided Aug. 10, 1994.
 
 1
 Before: WALLACE, Chief Judge and REINHARDT, Circuit Judges, and TANNER, District Judge.*
 
 
 2
 MEMORANDUM**
 
 I.
 
 3
 Charles Christopher Longsworth, a native and citizen of Honduras, was served with an Order to Show Cause by the Immigration and Naturalization Service charging him with remaining in the United States without authorization in violation of Sec. 241(a)(2) of the Immigration and Naturalization Act, 8 U.S.C. Sec. 1251(a)(2). At a subsequent hearing before an immigration judge, Longsworth conceded deportability and applied for asylum under 8 U.S.C. Sec. 1101(a)(42)(A), alleging that he was the target of intimidation by the Honduran government following his opposition campaign for a seat in the Honduran legislature. The IJ denied Longsworth's asylum claim; the Board of Immigration Appeals affirmed. We deny Longsworth's petition for review.
 
 II.
 
 4
 Longsworth first argues that the BIA erred in holding that he had not established a well founded fear of persecution for his political opinions upon his deportation to Honduras. It is within the discretion of the Attorney General to grant asylum to an alien who demonstrates that he is a "refugee" under 8 U.S.C. Sec. 1101(a)(42)(A). Rebello-Jovel v. INS, 794 F.2d 441, 443 (9th Cir.1986). In order for an alien to be termed a "refugee" and be granted asylum, he must show a "well founded fear of persecution" on account of his race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. Secs. 1158(a), 1101(a)(42)(A); INS v. Cardozo-Fonseca, 480 U.S. 421, 428 (1987). A "well founded fear" contains "both a subjective component, requiring the fear to be genuine, and an objective component, which requires a showing, by credible, direct and specific evidence in the record, of facts that would support a reasonable fear that the petitioner faces persecution." Rebello-Jovel, 794 F.2d at 443.
 
 
 5
 In essence, Longsworth's asylum claim is based on his testimony that between 1980 and 1984 1) he was arrested and held by military authorities on three occasions; 2) he was convicted in absentia of "defamation of the military" (the conviction was later vacated); 3) his leave of absence from the University was rescinded; and 4) his property was occupied by compasinos. The BIA held that Longsworth had not established a well founded fear of persecution on the basis of this evidence. We see no abuse of discretion or legal error in that holding. First, Longsworth failed to introduce any specific evidence to substantiate his claim that the compasinos' occupation of his farm was instigated by the government in retaliation for his political activities. In fact, he admitted at the hearing that he did not know whether he was actually divested of title in the farm. The same is true of Longsworth's contention that the government was behind the University's revocation of his leave of absence. There is no evidence that the decision was made by the government, other than Longsworth's assertion that the University, despite its name, is not "autonomous".
 
 
 6
 More important, Longsworth offered no specific evidence that the then-current government of Honduras, which had changed substantially since he left the country, had any interest in him. According to the unchallenged information submitted to the IJ by the State Department, political conditions in Honduras had improved in the years since Longsworth left:
 
 
 7
 Since taking office at the beginning of 1986, President Azcona, as well as the current military leadership, have publicly stressed the importance of observing and respecting human rights in Honduras. The nation enjoys a vocal political opposition, a free press, and a generally good human rights record.
 
 
 8
 Given this undisputed information from the State Department, it cannot be said that the BIA's finding that Longsworth had not shown a well founded fear of persecution was unsupported by substantial evidence. Longsworth simply failed to establish that he had a reasonable fear that the current Honduran government would subject him to persecution.
 
 III.
 
 9
 Moreover, even had Longsworth succeeded in establishing a well founded fear of persecution, the BIA did not abuse its discretion in refusing to grant him asylum. In determining that it would not grant discretionary relief even if Longsworth had demonstrated a well founded fear of persecution, the BIA relied of Longsworth's conviction on three counts of fraud and two counts of criminal contempt. Longsworth offers no argument for why the BIA's discretionary denial of his asylum claim was error, and we find no basis for concluding that it was.
 
 
 10
 Under Sec. 208(a) of the INA, 8 U.S.C. Sec. 1158(a), an alien determined to be a refugee may be granted asylum "in the discretion of the Attorney General." The discretionary denial of asylum is reviewed for abuse of discretion. Sanchez-Trujillo v. INS, 801 F.2d 1571, 1578 (9th Cir.1986). It is clear from the BIA's decision that all of the factors relevant to Longsworth's asylum claim were considered and that the BIA balanced the positive and negative factors, as it is required to do under Castro-O'Ryan v. INS, 821 F.2d 1415, 1421 (9th Cir.1987). It is also clear that the BIA did not abuse its discretion when it decided to deny discretionary relief after weighing Longsworth's two criminal convictions and other improper conduct against his positive equities (no prior immigration problems, two lawful permanent resident brothers, lawful permanent resident mother) and his likelihood (or lack thereof) of endangerment upon deportation to Honduras. See Matter of Pula, 19 I & N Dec. 467 (BIA1987).
 
 IV.
 
 11
 For the reasons set forth above, we deny Longsworth's petition for review.
 
 
 12
 DENIED.
 
 
 
 *
 The Honorable Jack Tanner, United States District Judge for the Western District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3